# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-21081
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LIONEL BLAKE,

Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (No. H-98-Cr-215-1)
_____

September 23, 1999

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Edward Lionel Blake appeals his convictions for conspiracy to possess with intent to distribute cocaine base and aiding and abetting possession with intent to distribute cocaine base, contending that the district court admitted improperly extrinsic evidence of a subsequent bad act that contributed to his conviction. Blake characterizes crack cocaine found in his possession during the execution of a search warrant, subsequent to the date of the charged offense, as extrinsic evidence under FED. R. EVID. 404(b). An officer testified that, during the execution of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the warrant, Blake grabbed something from the dresser, where rocks of crack cocaine were discovered, and fled.

The standard of review for the trial court's determination of admissibility of evidence is abuse of discretion. E.g., **United States v. Chavez**, 119 F.3d 342, 346 (5th Cir.), *cert. denied*, 118 S. Ct. 615 (1997); *see* FED. R. EVID. 103.

The extrinsic evidence of other bad acts must fit within one of the exceptions of Rule 404(b). It cannot be admitted to show the character of the defendant. Here, the applicable exception is the intent of the defendant. Such intent is at issue when the defendant pleads not guilty to a drug conspiracy charge. **United States v. Parsee**, 178 F.3d 374, 379 (5th Cir. 1999). Blake pleaded not guilty. And, the district court noted similarities between the two crimes, possession of drugs. Along this line, the district court gave a limiting instruction that this evidence could be used only to determine "whether Mr. Blake had the state of mind or intent necessary to commit the crime charged in the indictment".

Blake also contends that the bad act is not admissible because it occurred after the charged offense. But, there is no requirement that other bad acts occur *prior* to the charged offense.

**AFFIRMED**